DANIELLE R. SASSOON
United States Attorney for the
Southern District of New York
By:     Tara M. La Morte
        Assistant United States Attorney
        26 Federal Plaza, 38th Floor
        New York, New York 10278
        Telephone: (212) 637-1041

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
                                      :
UNITED STATES OF AMERICA              :
                                      :    **VERIFIED COMPLAINT**
                                      :    **FOR FORFEITURE**
                                      :
            v.                        :
                                      :
                                      :    25 Civ. 931
                                      :
$120,000 IN UNITED STATES CURRENCY    :
SEIZED BY THE GOVERNMENT FROM TARAS   :
KRUTS ON OR ABOUT FEBRUARY 22, 2024; and :
                                      :
$318,501 IN UNITED STATES CURRENCY    :
SEIZED BY THE GOVERNMENT ON OR ABOUT  :
FEBRUARY 22, 2024 FROM A RESIDENCE    :
LOCATED ON AVENUE K, BROOKLYN,        :
NEW YORK;                             :
                                      :
            Defendants-*in-rem*.      :
                                      :
------------------------------------- X

Plaintiff United States of America, by its attorney, Danielle R. Sassoon, United States Attorney for the Southern District of New York, for its verified complaint alleges, upon information and belief, as follows:

1

## JURISDICTION AND VENUE

1. This is a civil action in rem commenced by the United States of America pursuant to Title 21, United States Code, Section 881 and Title 18, United States Code, Section 981(a)(1)(A), seeking the forfeiture of $120,000 in United States currency seized by the Government from Taras Kruts on or about February 22, 2024 (the "Seized Currency-1"), and a total of $318,501 in United States currency seized by the Government on or about February 22, 2024 from Taras Kruts' residence located on Avenue K, Brooklyn, New York (the "Seized Currency-2"), (together with Seized Currency-1, the "Defendant Currency").[1]

2. This Court has jurisdiction pursuant to Title 28, United States Code, Sections 1345 and 1355.

3. Venue is proper under Title 28, United States Code, Section 1355(b)(1)(A) because acts and omissions giving rise to forfeiture took place in the Southern District of New York.

4. The Defendant Currency is presently in the custody of the United States Marshals Service ("USMS").

## PROBABLE CAUSE FOR FORFEITURE

Background to the Investigation

5. In or about February 2024, members of the New York drug enforcement task force (the "Task Force"), which generally investigates drug trafficking activity in New York, including the Southern District of New York, began investigating a money laundering

---

[1] The Defendant Currency consists of 1,248 one hundred dollar bills; 850 fifty dollar bills, 13,023 twenty dollars bills; 836 ten dollar bills, 243 five dollar bills, 2 two dollar bills, and 1,162 one dollar bills..

2

organization ("MLO") in New York City that was laundering the proceeds for a narcotics trafficking organization operating out of Mexico ("DTO").

6. The investigation identified Taras Kruts ("Kruts") as a member of the MLO.

7. On or about February 22, 2024, the Task Force was conducting surveillance in the vicinity of Kruts's residence, located on Avenue K, in Brooklyn, New York (the "Residence") and observed the following:

- a. Kruts approached a black sedan bearing New York City Tax and Limousine Commission license plates operated by an unknown man ("Individual-1");

- b. After a discussion with Individual-1, Kruts opened the rear passenger door of the sedan (the "Vehicle") and removed a large yellow and red reusable shopping bag (the "Bag") that appeared to contain something heavy from the back seat of the Vehicle; and

- c. After Kruts removed the Bag, the Vehicle drove away from Kruts and Kruts began walking back towards the Residence.

8. Members of the Task Force approached Kruts and conducted a field interview.

9. During the field interview, Kruts admitted that the Bag contained money and consented to a search of the Bag by the Task Force. The Task Force located a shoebox containing Seized Currency-1.

10. Thereafter, Kruts admitted that to the Task Force that his residence contained additional currency and consented to a search of the Residence.

11. During the search the Task Force located the Seized Currency-2 as follows:

- a. $218,501 in United States currency was located in cardboard boxes beneath a bed in a bedroom at the Residence;

- b. $100,000 in United States currency was located in a safe located in the residence;[2]

---

[2] Kruts provided the Task Force the combination for the safe.

3

12. Following his arrest, Kruts made the following additional statements:

   a. He picks up money as directed by someone known to him only as "Strayder";

   b. He and Strayder communicate only through Telegram;[3]

   c. He was unaware of the source of the money involved in the pick-ups, but that he retains the money in his apartment until Strayder directs him to pass the money on to other unknown individuals;

   d. He believed the money was later being converted to cryptocurrency;

   e. He picks up and passes on money to and from unknown individuals approximately ten times a month.[4]

13. As noted *supra*, n.1, the Defendant Currency consists of 1,248 one hundred dollar bills; 850 fifty dollar bills, 13,023 twenty dollars bills; 836 ten dollar bills, 243 five dollar bills, 2 two dollar bills, and 1,162 one dollar bills. Narcotics traffickers are known to use low denomination currency to conduct their business and as such the Defendant Currency is consistent with being proceeds from narcotics trafficking.

14. The Defendant Currency are the proceeds of narcotrafficking activities.

15. As a result of the above, law enforcement seized the Defendant Currency as narcotics proceeds and/or property involved in money laundering.

**FIRST CLAIM FOR FORFEITURE**

16. Incorporated herein are the allegations contained in paragraphs one through fourteen of this Complaint.

---

[3] Following Kruts' field interview, "Strayder" removed Kruts from the group chats on Telegram.
[4] With Kruts' consent, the Task Force viewed several communications on Kruts' phone that indicated Kruts had participated in multiple money pick-ups.

17. Title 21, United States Code, Section 881(a)(6) subjects to forfeiture all "moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of [Subchapter I of Title 21], all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of [Subchapter I of Title 21]."

18. The Defendant Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because there is probable cause to believe that the Defendant Currency constitutes moneys furnished or intended to be furnished any person in exchange for a controlled substances and proceeds traceable to such an exchange, in violation of 21 U.S.C. § 846.

## SECOND CLAIM FOR FORFEITURE

19. Incorporated herein are the allegations contained in paragraphs one through fourteen of this Verified Complaint.

20. Title 18, United States Code, Section 981(a)(1)(A) subjects to forfeiture "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 of this title, or any property traceable to such property."

21. Title 18, United States Code, Section 1956(a)(1)(B)(i) imposes a criminal penalty on any person who:

> knowing that the property involved in a financial transaction involves the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity . . .
>
> (A)(i) with the intent to promote the carrying on of specified unlawful activity; or

5

 (B) knowing that the transaction is designed in whole or in part (i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity[.]

22. As defined in 18 U.S.C. § 1956(c)(7), "specified unlawful activity," includes, among other things, racketeering activity as defined in 18 U.S.C. § 1961(1). Section 1961(1), which defines "racketeering activity," in turn provides that the definition encompasses "any act ... dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), which is chargeable under State law and punishable by imprisonment for more than one year."

23. By reason of the foregoing, the Defendant Currency is subject to forfeiture to the United States of America pursuant to Title 18, United States Code, Section 981(a)(1)(A), because the Defendant Currency constitutes property involved in monetary transactions in property derived from specified unlaw activity, to wit, illegal narcotics trafficking.

WHEREFORE, plaintiff United States of America prays that process issue to enforce the forfeiture of the Defendant Currency and that all persons having an interest in the Defendant Currency be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the Defendant Currency to the United States of America for disposition according to law, and that this Court grant plaintiff such further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated:  New York, New York
       January 31, 2025

                                     DANIELLE R. SASSOON
                                     United States Attorney for the
                                     Southern District of New York
                                     Attorney for the Plaintiff
                                     United States of America

By: _____
       Tara M. La Morte
       Assistant United States Attorney
       26 Federal Plaza, 38th Floor
       New York, New York 10278
       Tel. (212) 637-1041

## VERIFICATION

STATE OF NEW YORK            )
COUNTY OF NEW YORK           :
SOUTHERN DISTRICT OF NEW YORK )

SEBASTIAN SALAZAR, being duly sworn, deposes and says that he is a Special Agent with the Drug Enforcement Administration ("DEA"), and as such has responsibility for the within action; that he has read the foregoing complaint and knows the contents thereof, and that the same is true to the best of his own knowledge, information and belief.

The sources of deponent's information and the grounds of his belief are conversations with other law enforcement officers and others, official records and files of DEA and the United States Government, and information obtained directly or indirectly by deponent during an investigation of alleged violations of Titles 18 and 21, United States Code.

_____
Sebastian Salazar
Special Agent
Drug Enforcement Administration